Kenneth J. Pagliughi & Associates
190A Ketcham Avenue
Amityville, New York 11701
(516) 866-3842
By: Kenneth J. Pagliughi, Esq.
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

MARIE R. BERRIE,

                          **COMPLAINT**

                    Plaintiff,

        -against-                   Civil Action No.

                                      2:22-CV-5964

CHAMPION NUMISMATICS LLC,

                   Defendants.

_____

The plaintiff, Marie R. Berrie ("Berrie" or "Plaintiff"), by and through her attorneys, Kenneth J. Pagliughi & Associates, complain of the defendants as follows:

## PARTIES

1.      Plaintiff is, and at all relevant times a resident of the State of Arizona, with an address of 206 Angela Street, Springdale, Arizona 72762.

2.      Upon information and belief, and at all times hereinafter mentioned, defendant Champion Numismatics LLC ("Champion") is a Limited Liability Company, formed in the State of New York, its principal place of business located at 1019 Oyster Bay Road, East Norwich, New York 11732; and registered address with the New York Department State for service at 405 RXR Plaza, Uniondale, New York, 11566.

## JURISDICTION, VENUE

3.       This Court has jurisdiction over the causes of action in this case and the parties named herein pursuant to 28 U.S.C. §1332 on the basis of diversity as the amount in controversy exceeds $75,000.00, exclusive of interest and cost, and is between citizens of different States.

4.       Venue in this Court is proper pursuant to 28 U.S.C. §1391(a).

## SUMMARY OF ACTION

5.       This is an action for breach of contract; unjust enrichment; a deceptive act or practice under New York General Business Law § 349; and a deceptive act or practice against an elderly person under New York General Business Law § 349 – C.

6.       Berrie contends, that she has suffered financial loss (the "Loss") in connection with the purchase and exchange of gold and silver coins through Champion. Berrie further contends, that her Loss was the result of Champion's breach of contract, and/or Champion engaging in consumer fraud, specifically consumer fraud targeted against an elderly consumer resulting in the unjust enrichment of Champion.

## SUMMARY OF THE FACTS GIVING RISE TO THE LOSS

7.       Berrie is an eighty-four year old widow living alone in the State of Arizona.

8.       Berrie's income solely consists of her monthly social security benefits, supplemented by life insurance proceeds she received after the death of her husband.

9.       Berrie is not a sophisticated commodities investor and generally relies on the advice of those she believes to be professionals when making investment decisions.

10.      Sometime prior to December 2021, Berrie was contacted by a telemarketer who recommended investments in silver and gold. She was then put in touch with a representative of Champion.

11.      After discussing various investment options with the Champion representative, Berrie through Champion invested in gold and silver coins with an approximate value of $250,000.00.

12.     Subsequently, in December 2021 at the suggestion of another Champion representative Berrie was convinced to exchange her gold coins with a value of $200,000.00 for a combination of cash and silver coins.

13.     Berrie had her gold coins delivered to Champion and in exchange Champion sent Berrie $29,000.00 in cash. However, Berrie never received the silver coins that were promised.

14.     In May 2022, through her attorney Berrie made a demand on Champion for the $171,000.00 balance due to her based on what had been agreed to with the Champion representative.

15.     In June 2022, Champion responded through its attorney, who in a letter stated Champion (Jake Russo) gave Berrie $29,000.00 for gold coins after an auction and denies owing her any money.

16.     Essentially, Champion preyed upon an eighty-four year old woman unsophisticated in commodities investment, by convincing her to send Champion gold coins with an approximate value of $200,000.00 and then only paying her $29,000.00 for the coins. Even an unsophisticated investor would know that this was a bad deal. The only reason Berrie agreed to send the gold coins to Champion was the representation that she would receive both cash and silver coins with a value equivalent to her gold coins.

17.     Based on the response from Champion's counsel it is clear that in spite of the representations made (by the Champion representative) to Berrie, Champion never had any intention of delivering cash and silver coins equivalent to the value of Berrie's gold coins. The representations made by the Champion representative were simply a ruse to fraudulently induce an elderly person to part with her property. The value of the gold coins Berrie sent to Champion and what Champion paid her for them is grossly disproportionate and has resulted in Champion's unjust enrichment through perpetration of this fraud.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

18.     Berrie repeats and re-alleges paragraphs 1 through 17 above as though fully set forth herein.

19.     Berrie, alleges that, a contract was formed when she accepted the offer of Champion to exchange her gold coins in exchange for silver coins and cash with the consideration being Champion's fees.

20.     Berrie, alleges that while the contract with Champion is oral, it is not subject to NYS GOL § 5-701.

21.     Berrie, alleges that she performed on the contract by sending Champion her gold coins.

22.     Berrie, alleges that Champion breached the contract by failing to exchange the coins for both silver coins and cash; and such breach was not excused by Berrie.

23.     Berrie, alleges that she suffered a financial loss as a direct result of Champions breach.

24.     Berrie, alleges that her financial loss has resulted in damages in the amount of $171,000.00

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

25.     Berrie, repeats and re-alleges paragraphs 1 through 24 above as though fully set forth herein.

26.     Berrie, alleges that Champion has been unjustly enriched by only paying her $29,000.00 for her gold coins valued at approximately $200,000.00 and not sending her the difference in value in silver coins.

27.     Berrie, alleges that Champion's unjust enrichment was at the expense of Berrie who suffered a loss of $171,000.00 in the transaction.

28.     Berrie, alleges that it would be inequitable and against good conscience to permit Champion to retain the $171,000.00.

29.     Berrie, alleges that as a result of Champion's unjust enrichment she has been damaged in the amount of $171,000.00.

**THIRD CAUSE OF ACTION**
**VIOLATION OF NYS GENERAL BUSINESS LAW § 349**

30.     Berrie repeats and re-alleges paragraphs 1 through 29 above as though fully set forth herein.

31.     Berrie, upon information and belief, alleges that Champion is, and at all relevant times herein was, engaged in consumer-related activities that affects consumers at large who intend to invest in valuable coins.

32.     Berrie, upon information and belief, alleges that Champion utilized tactics that were deceptive and misleading in material respects, exposed the public to sales tactics through various mediums that were false and misleading in relevant respects and led to Berrie's Loss as a result.

33.     Berrie, upon information and belief, at all relevant times herein, alleges that Champion, intending to mislead their clients, inflated the value of coins it would sell and deflated the value of coins it would take from clients on exchange. Champion's clients are consumers as defined by the statute.

34.     Berrie, upon information and belief, alleges that Champion's deceptive and misleading conduct, as aforesaid, was likely to mislead a reasonable consumer acting reasonably under the circumstances.

35.     Berrie, upon information and belief, alleges, at all relevant times herein, Champion's conduct is in violation of General Business Law § 349 and are ongoing and willful.

5

36.     As a result of Champion's violations of General Business Law § 349, Berrie is entitled under General Business Law § 349 (h) to recover damages in an amount to be determined at trial, but which is believed not to be less than $513,000.00 with reasonable attorney's fees.

## FOURTH CLAIM
## VIOLATION OF NYS GENERAL BUSINESS LAW § 349 - C

37.     Berrie repeats and re-alleges paragraphs 1 through 36 above as though fully set forth herein.

38.     Berrie, incorporates by reference herein the allegations set forth in paragraphs 31 through 35.

39.     Berrie is eighty-four years old and is considered elderly as defined by General Business Law § 349 – C.

40.     Berrie, upon information and belief, alleges that Champion knew she was an elderly person, and as such Champion's conduct was directed at an elderly person, with such conduct being in willful disregard of her rights.

41.     Berrie, alleges that Champion's conduct caused her as an elderly person to suffer severe and substantial loss of property set aside for her retirement.

42.     As a result of Champion's violations of General Business Law § 349 - C, Berrie is entitled under General Business Law § 349 (h) and § 349 – C to recover damage in an amount to be determined at trial, but which is believed not to be less than $523,000.00 with reasonable attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

(1) On the Plaintiff's First Cause of Action, in an amount to be determined at trial, but which, is reasonably believed to be not less than $171,000.00.

(2) On the Plaintiff's Second Cause of Action, in an amount to be determined at trial, but which, is reasonably believed to be not less than $171,000.00.

(3)   On the Plaintiff's Third Cause of Action, in an amount to be determined at trial, but which, is reasonably believed to be not less than $513,000.00 with reasonable attorney's fees.

(4)   On the Plaintiff's Fourth Cause of Action, in an amount to be determined at trial, but which, is reasonably believed to be not less than $523,000.00 with reasonable attorney's fees.

(5)   For such other relief as this Court deems just and proper.

Dated:   Amityville, New York
            October 5, 2022

                                    Kenneth J. Pagliughi & Associates
                                    Counsel for Plaintiff,
                                    Marie R. Berrie
                                    By:

                                    s/ *Kenneth J. Pagliughi*
                                    Kenneth J. Pagliughi, Esq.
                                    190A Broadway
                                    Amityville, New York 11701
                                    (516) 866-3844